# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2021

Lyle W. Cayce
Clerk

No. 21-50136
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELISEO CARRILLO, III,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-423-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Eliseo Carrillo, III appeals the 24-month sentence imposed on revocation of his supervised release. He argues that the district court's upward departure from a guideline range of three to nine months to 24 months of imprisonment was unreasonable under the facts of this case. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contends that the district court imposed a substantively unreasonable revocation sentence by failing to properly consider his mental condition.

When a defendant properly preserves an objection to his revocation sentence for appeal, the revocation sentence is reviewed under a "plainly unreasonable" standard. *See* 18 U.S.C. § 3742(a)(4); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Unpreserved challenges are reviewed for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). The Supreme Court recently held that a defendant's argument for a "specific sentence" at a revocation hearing preserved his claim that the district court's higher sentence was unreasonably long. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764, 766 (2020). That case did not decide, however, "when a party has properly preserved the right to make particular arguments supporting its claim that a sentence is unreasonably long." *Id.* at 767; *see also id.* (Alito, J., concurring) (noting that "we do not decide what is sufficient to preserve any 'particular' substantive-reasonableness argument").

It is unclear whether Carrillo argued for a "specific sentence" as *Holguin-Hernandez* uses that term. At one point in the hearing transcript, Carrillo's counsel requested placement in a drug-treatment program called "Lifetime Recovery." At another point in the transcript, Carrillo's counsel appeared to embrace the possibility of a prison sentence: "If the Court sentences him to a term of imprisonment in [the Bureau of Prisons, or "BOP"], I would urge the Court to consider a BOP recommendation where there is a mental health treatment facility. Maybe the mental health treatment can combine what benefit he would get out of Lifetime Recovery with what is the situation with the mental health issues that he's having." But we need not decide whether Carrillo preserved his substantive unreasonableness challenge because it fails under any standard of review.

No. 21-50136

A revocation sentence is substantively unreasonable where the district court did not take into account a factor that was entitled to significant weight, gave significant weight to factors that were irrelevant or improper, or made a clear error in judgment when balancing sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Contrary to Carillo's contention, the district court did consider his mental health in imposing the sentence, noting the addition of the mental health treatment condition in December 2020, and recommending mental health treatment within the Bureau of Prisons—as his counsel requested.

Carillo's 24-month revocation sentence is above the policy statement range of three to nine months but within the statutory maximum sentence of 24 months. We have routinely upheld the substantive reasonableness of similar sentences. *See United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012) (affirming a revocation sentence that was the statutory maximum and more than five times above the top of the guidelines range); *Whitelaw*, 580 F.3d at 265 (affirming a revocation sentence that was the statutory maximum). Carillo therefore has shown no reversible error in his revocation sentence.

The judgment of the district court is AFFIRMED.